Case 1:11-cv-04507-PKC   Document 16   Filed 02/24/12   Page 1 of 3
Case 1:11-cv-04507-PKC   Document 15   Filed 02/21/12   Page 1 of 3
02/17/2012  06:13  2127284531                                    PAGE 02/04

# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

Marc D. Ashley
direct tel (212) 408-5194
email mashley@chadbourne.com

February 17, 2012

**VIA FACSIMILE**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Garcia et al. v. V&T Restaurant, Inc. et al.*,
    Civil Action No. 11-cv-4507 (PKC) (JCF)

**MEMO ENDORSED**

[Handwritten endorsement:] Fact discovery extended to April 30. Expert discovery extended to June 4. The conference set for April 20 is adjourned to May 15, 2012 at 10:30 am. [Further handwritten notes regarding plaintiff's comments and defendant's comments being inappropriate.] SO ORDERED. [Signature] USDJ 2-21-12

[Left margin handwritten:] Order modified to delete "Plaintiff's comments" and insert "Defendant's comments." SO ORDERED. [Signature] 2-21-12

Dear Judge Castel:

I am co-counsel for Plaintiffs in the above-referenced action and write in response to the letter submitted by Defendants' counsel to Your Honor, dated February 16, 2012. In that letter, Defendants requested a 30-day extension of the fact discovery deadline, which is currently March 16, 2012. Plaintiffs oppose such an extension on several grounds.[1]

First, Your Honor explicitly stated in the endorsed letter of January 11, 2012[2] that the current deadline represents a "final" extension of the fact discovery period. Relying on that order, Plaintiffs have prepared accordingly and anticipate no difficulty in meeting the March 16 deadline. In light of the Court's order, Defendants should have done the same. There are a

---

[1] Among other things, a delay in discovery would prejudice Plaintiffs because of scheduling conflicts the last two weeks of March that would prevent Nicole Hallett and David Colodny from participating in depositions during that period. Ms. Hallett is scheduled to be on trial in this Court beginning March 26, and will be busy preparing for trial during the preceding week. Mr. Colodny is leaving town on March 22 to attend his brother's wedding in California, followed by a vacation, and will not return to the office until April 2.

[2] The endorsed letter is mistakenly dated January 11, 2011.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-12

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-21-12

# CHADBOURNE
# & PARK LLP

Honorable P. Kevin Castel
United States District Court        -2-        February 17, 2012

limited number of depositions to be taken over the next month, and the parties -- on both sides -- should be ready and able to meet the current deadline.

Second, Defendants' letter makes misleading and improper statements regarding the settlement conference that took place before Magistrate Judge Francis on February 15. That mediation provides no basis for an extension of the fact discovery deadline; no new factual or legal issues arose during the mediation that might justify the need for a protracted discovery period. Plaintiffs entered the negotiation in good faith and after thorough preparation, despite Defendants' suggestions otherwise. That no settlement was achieved does not make the mediation process a "waste" of time. Defendants surely should have recognized that the mediation might not result in a settlement and have planned for the possibility that depositions might need to be completed over the following month.

In addition to requesting a discovery extension based only on a lack of preparation, Defendants' letter egregiously violated the spirit of the mediation before Judge Francis. Defendants' disclosure of negotiation details violated the clear ground rules of the mediation as established by Judge Francis, who made crystal clear through instruction to all parties present that all statements made during the course of the mediation were to remain strictly confidential. That disclosure, along with Defendants' indication that they purportedly intend to undertake additional discovery with respect to (unidentified) statements made during the mediation, also violates Local Civil Rule 83.9(l)(1), which provides:

> The entire mediation process shall be confidential. The parties and the mediator shall not disclose information regarding the process, including settlement terms, to the assigned Judge or to third persons unless all parties agree or the assigned Judge orders in connection with a judicial settlement conference.

Defendants have not requested, nor have Plaintiffs given, consent to disclose any confidential information regarding the mediation process. Defendants blatantly abused the settlement process in doing so. Because of Judge Francis's instructions and the Local Rule dictating that the mediation process remain fully confidential, Plaintiffs feel constrained from correcting Defendants' mischaracterization of the mediation process. Suffice it to say, Plaintiffs strongly dispute Defendants' mischaracterization of what transpired before Judge Francis.

# CHADBOURNE
# & PARK E LLP

Honorable P. Kevin Castel
United States District Court                    -3-                    February 17, 2012

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' request to extend the fact discovery deadline and enter any further relief that the Court deems proper.

Respectfully submitted,

*Marc Ashley* (mb)

Marc D. Ashley

cc: David Colodny, Esq. (via e-mail)
    Nicole Hallett, Esq. (via e-mail)
    Joshua L. Weiner, Esq. (via e-mail)